UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-25188-CV-DIMITROULEAS**

CRISTOBAL DOMINGUEZ AGUILAR,

Petitioner,

v.

WARDEN, KROME SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Cristobal Dominguez Aguilar ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [DE 1], filed July 31, 2026. The Court has considered the Petition, the Respondents' August 4, 2026, Response [DE 7], notes that no Reply was filed by Petitioner[1], and is otherwise fully advised in the premises.

Upon careful consideration of the arguments presented by both sides, the Court is persuaded by the Respondents' Response. Petitioner challenges his immigration detention at the Krome Service Processing Center in Miami, Florida. [DE 1 ¶¶ 2, 5]. Petitioner, however, is mandatorily detained pursuant to 8 U.S.C. § 1226(c) for a felony criminal conviction for possession of cocaine.[2] *See* [DE 7-3]. 8 U.S.C. § 1227(a)(2)(B) states that "[a]ny alien . . . shall . . . be removed if the alien . . . has been convicted of a violation . . . relating to a

[1] The Court's July 31, 2026 Order Requiring Expedited Response from Respondents permitted Petitioner to file a reply on or before August 7, 2026. *See* [DE 4].

[2] Petitioner does not dispute the Respondent's reliance on this conviction as the basis for his mandatory detention.

controlled substance[.]" Petitioner's conviction for possession of cocaine is an offense "relating to a controlled substance." *See Chamu v. U.S. Attorney General*, 23 F.4th 1325, 1329 (11th Cir. 2022). As such, Petitioner is lawfully detained under 8 U.S.C. § 1226(c), which provides that the "Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(B).

To the extent Petitioner challenges the length of his detention under § 1226(c), the Eleventh Circuit in *Sopo* adopted a case-by-case approach in which the length of detention is one of several factors a court should consider when determining whether continued detention has become unreasonable. *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016), *vacated*, 890 F.3d 952 (11th Cir. 2018). The Eleventh Circuit suggested "the outer limit of reasonableness" may be around the "one-year mark, depending on the facts of the case." *Id.* The Court finds that Petitioner's detention of approximately 240 days falls within that outer limit of reasonableness. Furthermore, Petitioner has not met his burden of showing that any factor—whether enumerated in *Sopo* or otherwise—supports a finding that his continued detention violates due process based on the facts of his case. *See Hill v. Linahan*, 697 F.2d 1032, 1036 (11th Cir. 1983) ("The burden of proof in a habeas proceeding is always on the petitioner."); *Blanco v. Fla.*, 817 F. App'x 794, 796 (11th Cir. 2020) ("In a habeas proceeding, the petitioner bears the burden of establishing his right to federal habeas relief."). Accordingly, the Court finds that Petitioner's continued detention has not become unreasonably prolonged and does not violate due process.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus [**DE 1**] is **DENIED**.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov

Cristobal Dominguez Aguilar, *Pro Se*
A#022-693-895
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194